## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATTSY S. PELATE,

      Petitioner,

        v.                                         Case No. 16-cv-00999 - JPG

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Pattsy S. Pelate's Motion (Doc. 1) to Vacate, Set Aside or Correct her sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, the Court denies petitioner's motion.

### 1.  Background.

On October 24, 2013, petitioner entered a guilty plea to one count of conspiracy to manufacture methamphetamine pursuant to a plea agreement.  *USA v. Pelate*, 13-cr-40066, Docs. 49 & 52.  She was sentenced on February 13, 2014, to the Bureau of Prisons for a term of 84 months, supervised release for a term of four years, and a fine of $20.00.  *Id.* at Doc. 69.

### 2.  Analysis.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently

results in a complete miscarriage of justice."   *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).   It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).   An evidentiary hearing was not conducted as the record demonstrated that the petitioner is not entitled to relief.

A defendant may waive her right to collaterally attack her sentence under § 2255 and the Court notes that the petitioner's plea agreement contains such a waiver.   *Jones v. U.S.*, 167 F.3d 1142, 1144-45 (7th Cir. 1999).   The Court will uphold and enforce a collateral attack waiver unless the plea agreement was involuntary, the sentence exceeded the statutory maximum sentence, or the defendant received ineffective assistance of counsel in connection with negotiating the plea agreement.   *Id.*; *see Keller v. U.S.*, 657 F.3d 675, 681 (7th Cir. 2011).

Further, "[t]o bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence *in addition to* waiving his right to a direct appeal."   *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011)(italic in original).

Petitioner's plea agreement contains the following provisions:

2.   The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory

minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

3.   Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein; and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S. S. G. § 1 B 1.10). The Government reserves the right to oppose such claims for relief.

*USA v. Pelate*, 13-cr-40066, Doc. 53, paragraphs 2 & 3.

Petitioner's plea agreement indicates that she waived her collateral attack rights in addition to waiving her right to a direct appeal.   Further, the petitioner does not allege that her sentence was imposed in excess of the Sentencing Guidelines or that there has been any subsequent change in the law.[1]

Petitioner alleges three grounds for her § 2255 motion.   First, she alleges that she is entitled to Rule 35 reduction.     Second, she alleges that the amount of pseudoephedrine[2]

---

1  Petitioner does note that she received a sentence reduction pursuant to 18 U.S.C. § 3582(c) based on United States Sentencing Guideline Amendment 782 and therefore has no appeal right based upon retroactive Sentencing Guideline amendments.

2  The motion states, "sudaphedrine" which the Court assumes is a misspelling of pseudoephedrine.

attributed to her for sentencing was in excess of what she actually had possession of and that the, "log got miscalculated."   Finally, petitioner alleges ineffective assistance of counsel in that:

      a.    "lawyer would not ask for reduction at sentencing."

      b.    "will not respond to letters or calls."

      c.    "did not fight on my behalf for pill log when I raised this issue to him."

None of the above grounds raise the issue that the petitioner's plea agreement was involuntary, that her sentence exceeded the statutory maximum sentence, or that she received ineffective assistance of counsel in connection with negotiating the plea agreement.   Even if the Court could construe an argument of ineffective assistance of counsel with regard to the amount of pseudoephedrine stated in the plea agreement, there is nothing to indicate that the petitioner based her decision to enter the plea agreement based on the amount of pseudoephedrine or that a change in the amount located on the "pill log" would change the amount of pseudoephedrine as there is no indication in the plea agreement that the drug amount was based on a "pill log."   Finally, petitioner motion states that her attorney has not contacted her or returned her calls, "since sentencing."   There is no indication that her counsel failed to maintain contract during the negotiation of the plea agreement.

The fact that the petitioner, "didn't like lawyers job done" is not a basis for ineffective assistance of counsel nor is it a basis for the Court to not uphold and enforce petitioner's collateral attack waiver.   As such, petitioner's motion must be denied.

The Court notes that the petitioner's § 2255 motion states there is a Rule 35 motion that the Court has not ruled upon.   At this time, there are no pending motions in *USA v. Pelate*, 13-cr-40066.

**3.   Certificate of Appealability.**

Having denied Petitioner's motion, the Court must grant or deny a certificate of appealability with regard to her § 2255 motion.   *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c).   Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.   Ms. Pelate has made no such showing. Therefore, the Court denies a certificate of appealability.   Pursuant to Rule 11(a), Ms. Pelate may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

**4.   Conclusion.**

Based on the foregoing, petitioner Pattsy S. Pelate's Motion (Doc. 1) to Vacate, Set Aside or Correct her sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   9/12/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**